IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE FRAZEE <br> 136 B San Diego Dr. <br> Columbus, Ohio, 43213 <br> <br> *On behalf of herself and all others similarly-situated.* <br> <br> Plaintiff, <br> <br> vs. <br> <br> CONSERVATORY OF PIANO, INC. <br> 4922 Morse Road <br> Columbus, Ohio, 43230 <br> <br> **Serve also:** <br> Eleanor Popper, Statutory Agent <br> 539 Old Farm Road <br> Columbus, Ohio, 43213 <br> <br> -and- <br> <br> PENNY L. POPPER <br> 213 Ballard Drive <br> Gahanna, Ohio, 43230 <br> <br> Defendants. | CASE NO.: <br> <br> JUDGE <br> <br> **COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** <br> <br> **(Jury Demand Endorsed Herein)** |

## INTRODUCTION.

1. Through a company-wide practice in which Defendants Conservatory of Piano, Inc.("COP") and Penny L. Popper ("Popper") (collectively, Defendants) paid their instructors a weekly salary of less than $684.00 per week regardless of the number of hours the instructors worked, Defendants systematically denied Plaintiff and other similarly situated employees the overtime pay they were entitled to. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207. On behalf of herself and all other

1

similarly situated employees, Plaintiff Stephanie Frazee brings this collective action for the recovery of unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

2. Additionally, Frazee brings a claim for unpaid overtime individually pursuant to Ohio R.C. § 4111.03.

## PARTIES.

2. Frazee is an individual residing in Franklin County, Ohio. Frazee performed work for Defendants within the last three years for which she was not paid the overtime wages guaranteed by the FLSA. Frazee's executed consent to sue form is attached hereto as Exhibit "1."

3. COP is a for-profit corporation organized under the laws of the State of Ohio, which maintains offices in Columbus, Ohio, and whom operates in Ohio.

4. The FLSA Collective Class Members are all current and former employees of COP who, at any time during the three years immediately preceding the filing of this Complaint, were paid less than the minimum salary established by 29 CFR Part 541 Subpart G to qualify as exempt from the overtime requirements of the FLSA,

5. At all times referenced herein, Popper was the director, co-owner, and/or principal of COP.

## PERSONAL JURISDICTION.

6. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

7. Frazee and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

8. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

9. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Frazee's related state claim pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

12. At all times referenced herein, COP was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

13. During all times material to this Complaint, Popper supervised and/or controlled Harrington's employment with COP and acted directly or indirectly in the interest of COP in relation to their employees.

14. During all times material to this Complaint, Popper possessed operational control over COP and its day-to-day operations, to include COPS wage practices, and was an employer within the meaning of section 3(d) of the FLSA.

## FACTUAL ALLEGATIONS.

15. At all times referenced herein, Defendants operated a piano school.

16. At all times referenced herein, Defendants employed Instructors to teach its student how to play piano.

17. Frazee is a former employee of COP.

18. Frazee was hired by Defendants to work as an Instructor for COP in 2017.

19. At all times referenced herein, Frazee and those similarly situated were paid a salary.

20. At the time of Frazee's hire in 2017, she was paid $500.00 per week.

21. By January 1, 2020, Frazee's pay had increased marginally to $528.00 per week.

22. On January 1, 2020, the minimum pay requirement for salaried employees increased for $455.00 to $684.00 per week.

23. Upon information and belief, most if not all of COPs instructors were paid less than $684.00 per week during 2020.

24. Upon information and belief, most if not all of COPs instructors were paid less than $684.00 per week during 2021.

25. Defendants knew that the minimum salary requirement had increased to $684.00 per week but failed to increase salaries because Defendants wanted to retain that money for the benefit of Defendants.

26. Alternatively, Defendants failed to ensure or investigate whether their salary practices complied with the FLSA.

27. At all times referenced herein, COP provided piano classes and/or lessons between 9:00am and 2:00pm during weekdays, and from 10:30am to 2:00pm on Saturdays.

28. Instructors were not permitted to arrive at COP as the first students of the day arrived at 2:00pm; instead, Instructors were expected to arrive at COP fifteen to twenty minutes for opening so they would be there to open the business.

29. Instructors' workday did not end after the last lesson of the day concluded at 9:00pm; instead, Instructors were expected to clean their classrooms before they left COP for the day.

30. Cleaning typically took thirty minutes.

31. At all times referenced herein, Instructors were required to complete diaries and work plans for students in addition to providing lessons.

32. COP did not provide a designated time during the workday in which diaries and work plans needed to be completed; instead, Instructors were expected to complete this work by 11:00pm.

33. Instructors were required to send their diaries to Popper by email and to upload them onto Microsoft OneNote.

34. At all times referenced herein, Defendants failed to keep time records of the actual hours worked by Frazee and other Instructors.

35. During weekdays from January 1, 2020 until approximately March 23, 2020, Frazee and those similarly situated would arrive at COP at approximately 1:45pm; provide instruction until 9:00pm; clean until approximately 9:30pm, drive home, and then spend up to as hour completing diaries and work plans to ensure they were completed by 11:00pm.

36. From January 1, 2020 until approximately March 23, 2020, Frazee and those similarly situated would arrive at COP on Saturdays at approximately 10:15am; provide instruction until 2:00pm; clean until approximately 2:30pm, drive home, and then spend up to an hour completing diaries and work plans.

37. Frazee and those similarly situated generally worked Monday through Saturday for an average of 45 to 50 hours per week.

38. Frazee and those similarly situated were not paid overtime for the hours they worked over 40 per week during the time period between January 1, 2020 and approximately March 23, 2020

5

39. On or about March 23, 2020, COP began providing lessons remotely due to COVID 19.

40. After March 23, 2020, Frazee and those similarly situated provided piano lessons remotely by video; scanning music books; and preparing pre-lesson material.

41. Frazee and those similarly situated were expected to continue working their usual hours while they worked from home, generally 1:45pm until 9:00pm during weekdays, with the expectation that diaries and work plans were to submitted by no later than 11:00pm.

42. Frazee and those similarly situated were not permitted to leave their homes or to spend any substantial amounts of time away from their work while they were working from home.

43. While working from home, Frazee would typically complete her diaries and work plans between 9:30pm and 10:00pm.

44. Frazee and those similarly situated typically worked from home during Saturdays from 10:15am until approximately 3:00pm.

45. At all times referenced herein, Frazee and those similarly situated typically worked more than 40 hours per week, but were not paid overtime, in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS.

68. Frazee incorporates by reference each of the allegations in the preceding paragraphs.

69. At all times referenced herein, Defendants failed to pay its Instructors on a salary basis, as that term is defined by 29 CFR § 541.602, yet failed to pay overtime when these Instructors worked greater than 40 hours in a given week.

70. Based on the foregoing, Frazee brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf herself and all similarly-situated individuals who are part of the following classes:

> All persons who are or were employed by Defendants as Instructors for any period of time between January 1, 2020 and the present, who were paid a salary of less than $684.00 per week and not paid overtime.

71. Collective Action treatment of Frazee's claim for unpaid overtime is appropriate because Frazee and the FLSA Collective Class Members have been subjected to the same common pay scheme referenced above, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' company-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

## **COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.**

73. Frazee re-alleges and incorporates by reference the allegations set forth above.

74. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

75. Because they were paid less than the statutory minimum salary, Frazee and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendants.

76. Frazee and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

77. Defendants' practices were not accidental or based on a good-faith interpretation or understanding of the FLSA; Defendants deliberately concocted a scheme to deprive Frazee and those similarly-situated of the overtime pay they earned.

78. Defendants never received any legal advice from an attorney or law firm that the practices complained of in this Complaint were lawful.

79. The practices complained of in this Complaint were never audited or approved of by the Department of Labor.

80. Defendants did not rely on any Department of Labor regulations or opinion letters to devise or create their overtime policies and/or practices.

81. Defendants' failure and refusal to pay Frazee and those similarly-situated the proper overtime wage for all overtime hours worked was willful, intentional, and not in good faith.

82. Frazee and those similarly situated are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephanie Frazee respectfully requests relief against Defendants, joint and severally, as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collectives she represents pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff Stephanie Frazee as a representative for the FLSA Collective Class Members;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*;

d. Awarding Frazee and those similarly situated all unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

e. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, noneconomic, and consequential to Frazee and those similarly situated in an amount to be determined at trial;

f. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

g. Awarding pre-judgment and post-judgment interest as provided by law;

h. Awarding reasonable attorneys' fees and costs; and

i. Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
25825 Science Park Drive, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Stephanie Frazee*

## JURY DEMAND

Plaintiffs Stephanie Frazee demands a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**