**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHANIE FRAZEE**, | : | |
| | : | |
| Plaintiff, | : | Case No.: 2:22-cv-2198 |
| | : | |
| v. | : | JUDGE WATSON |
| | : | |
| **CONSERVATORY OF PIANO, INC.**, *et al.*, | : | MAGISTRATE JUDGE VASCURA |
| | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Stephanie Frazee ("Plaintiff"), Defendant Conservatory of Piano, Inc., and Defendant Penny Popper (collectively "Defendants") (Plaintiff and Defendants collectively referred to as the "Parties"), by and through counsel, respectfully move this Court for an Order approving the Settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement"), attached as Exhibit A. The Settlement seeks to resolve the claims Plaintiff asserted against Defendants under the Fair Labor Standards Act ("FLSA") and Ohio law relating to the payment of wages.

The Parties respectfully submit that the Settlement is fair and reasonable and satisfies the criteria for approval under Section 216(b) of the FLSA. The Settlement was achieved through Plaintiff's acceptance of Defendants' Offer of Judgment and through subsequent arm's length negotiation of additional settlement terms by experienced counsel. If approved by the Court, the Settlement will make a substantial settlement payment to Plaintiff. The nature of this Action, the principal terms of the Settlement, and the reasons this Court should approve the Settlement are set forth below. A proposed Stipulated Order of Dismissal with Prejudice and Approval of Settlement is attached for the Court's convenience as Exhibit B.

## I.  THE ACTION

Plaintiff Stephanie Frazee initiated this action against Defendants on May 18, 2022. (*See* Complaint, Doc. No. 1) Plaintiff asserted a claim for unpaid overtime wages as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., as well as an individual claim for unpaid overtime wages under the Ohio Minimum Fair Wages Standards Act (the "Ohio Wage Act"), O.R.C. §4111 *et seq*. (*See id*.).  Specifically, Plaintiff alleges that Defendants failed to pay her and other similarly situated individuals paid on a salary basis at least $684.00 per week, resulting in a failure to pay overtime for all hours worked in excess of 40 per workweek. (*Id*. at ¶ 45) Defendants have denied Plaintiff's allegations and denied that Plaintiff and other similarly situated individuals paid on a salary basis worked in excess of 40 hours per workweek. (*See* Defendants' Answer, Doc. No. 7)

## II.  THE NEGOTIATIONS

On July 15, 2022, counsel for Defendants served an Offer of Judgment on counsel for Plaintiff. Plaintiff had not (and has not) moved for conditional certification of her proposed collective class pursuant to her claim under the FLSA. Along with its Offer of Judgment, Defendants also voluntarily produced Plaintiff's complete payroll and time records for Plaintiff to review while considering Defendants' Offer of Judgment. On July 29, 2022, Plaintiff accepted Defendants' Offer of Judgment. The Parties' counsel subsequently engaged in arm's length negotiations to reach a final agreement to settle the Action. The Parties' agreed settlement terms are set forth in the attached Settlement Agreement and Release. (*See* Exh. A)

## III.  THE SETTLEMENT TERMS

If approved by the Court, the Settlement will forever resolve all claims asserted by Plaintiff against Defendants in this action. The Total Settlement Payment of Eleven Thousand  Dollars ($11,000.00) will be distributed as follows:

- **Plaintiff** – a total amount of $5,000 dispersed as follows:

  o Two Thousand Five Hundred Dollars ($2,500.00), minus all applicable withholdings, for allegations of unpaid wages. Defendants will make this payment, less all applicable withholdings, in accordance with applicable wage withholding instructions, to Plaintiff.

  o Two Thousand Five Hundred Dollars ($2,500.00) for alleged liquidated damages related to Plaintiff's FLSA claim. A Form 1099 will be issued for this payment.

- **Attorneys' fees and costs** - a total amount of $6,000 to The Spitz Law Firm for alleged attorneys' fees and costs. Form 1099's will be issued for this payment.

Subject to Plaintiff's execution and return of the Parties' Settlement Agreement, these payments will be made in two equal installments. The First Payment will be made no later than thirty (30) calendar days after the date of the Court's entry of an Order granting approval of the Settlement and dismissal of the action with prejudice. The Second Payment will be made no later than sixty (60) calendar days after the First Payment.

## IV. THE PROPRIETY OF APPROVAL

The Parties' Settlement is subject to approval by the Court. The court presiding over an FLSA action may approve a proposed settlement of the action under 29 U.S.C. § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868, *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946)).

The payments to Plaintiff are fair, reasonable, and adequate given that there exist *bona fide* disputes between the Parties, including whether Defendants properly classified Plaintiff as a salary exempt employee and whether Plaintiff worked in excess of 40 hours per workweek. The range of possible recovery is disputed.  Indeed, the applicable range for Plaintiff is anywhere between no

recovery at all or recovery of approximately ten overtime hours of work per week throughout the applicable limitations period, based on the allegations set forth in Plaintiff's Complaint. (*See* Doc. No. 1, ¶ 37). The Parties recognized and took into consideration the risks and costs associated with protracted litigation in reaching this resolution.

In addition, the rights of third parties and putative collective members will not be affected by the proposed Settlement of this action. Plaintiff has not moved to conditionally certify her proposed FLSA collective class, and as such, the rights of any putative collective members have not been implicated. *See Genesis Healthcare Corp. v. Symczyk*, 596 U.S. 66, 67 (2013) (holding that, prior to when a plaintiff moves for conditional certification of an FLSA collective, the would-be putative class members have no independent legal status). Accordingly, the settlement proceeds to Plaintiff are fair, reasonable and adequate and fully resolve the claims Plaintiff has asserted in this action.

## V.    CONCLUSION

For the reasons set forth above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as Exhibit B.


Respectfully submitted,

Attorneys for Defendants:

*/s/ Rhiannon M. Herbert*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Rhiannon M. Herbert (0098737)
(*Rhiannon@MansellLawLLC.com*)
Mansell Law, LLC
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 796-4325
Fax: (614) 547-3614

Attorney for Plaintiff:

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Spitz, The Employee's Attorney
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: chris.wido@spitzlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, I electronically filed the foregoing with the Clerk of Court by using the ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Rhiannon M. Herbert*
Rhiannon M. Herbert (0098737)