UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Stephanie Frazee,

    Plaintiff,

v.

Conservatory of Piano, Inc., *et al.*,

    Defendants.

Case No. 2:22-cv-2198

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Stephanie Frazee ("Plaintiff") sued Conservatory of Piano, Inc. and Penny L. Popper (collectively "Defendants") for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. Compl., ECF No. 1. Plaintiff alleged that Defendant failed to properly pay overtime to Plaintiff because Defendant improperly classified her as a salaried employee. *Id.* The parties have settled Plaintiff's claims and now move for approval of their settlement agreement. ECF No. 10.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a

settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same analysis to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case, as the parties dispute whether Defendant properly categorized Plaintiff as a salaried employee and, as a result, whether it properly paid her overtime. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel. The settlement will avoid expensive litigation for both sides, including class certification motions, remaining discovery, dispositive motions, trial, and possible appeals. Further, the parties represent that they had an appropriate opportunity to consider the risks and costs of continued litigation.

The parties represent that Plaintiff will receive a $5,000 payment, which represents both her alleged unpaid wages and liquidated damages. This payment is reasonable. *See Waggoner v. U.S. Bancorp*, No. 5:14-CV-1626, 2016 WL 7474408, at *3 (N.D. Ohio Dec. 29, 2016) (approving a settlement with recovery of approximately 94% of alleged lost wages); *Vigna*, 2016 WL 7034237, at *4–5 (approving a settlement that represented approximately 55% of allegedly owed wages). Moreover, attorney's fees and costs in the amount of $6,000 are reasonable in this case. *See Pittman v. Matalco (U.S.), Inc.*, No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (collecting cases where the attorney's fees exceeded the award to the plaintiff).

The parties' joint motion, ECF No. 10, is **GRANTED**, including its request for attorney's fees and costs, to settle the Plaintiff's FLSA claims. The settlement agreement is **APPROVED**. The Court **DISMISSES** the case **WITH PREJUDICE**

but retains jurisdiction to enforce the terms of the settlement agreement. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**